# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ROY THOMPSON, § <br> SPN #01988773, § <br> § <br> *Plaintiff,* § <br> § CIVIL ACTION NO. 4:22-CV-03451 <br> v. § <br> § <br> C. ORTEGA, et al., § <br> § <br> *Defendants.* § | |

## DEFENDANTS ED GONZALEZ AND CHRISTOPHER ORTEGA'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND MORE DEFINITE STATEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Christopher Ortega and Sheriff Ed Gonzalez ("Defendants") file this their answer, defenses, and affirmative defenses to Plaintiff's First Amended Complaint ("Complaint") and More Definite Statement. In support of said answer, defenses, and affirmative defenses, Defendants would respectfully show this Court as follows:

# I. Answer

1. With respect to the Complaint [Doc. #30], Defendants deny that Christopher Ortega assaulted Plaintiff and further deny that Harris County has a policy or custom of allowing excessive force and failing to train its detention officers.

2. With respect to the More Definite Statement [Doc. #29], Defendants deny that Plaintiff has alleged a viable complaint and specifically deny Christopher Ortega assaulted Plaintiff as alleged in paragraphs 1-3.

3. In answer to paragraphs 4-9, Defendants deny the allegations.

4. In answer to paragraph 10, Defendants are without sufficient knowledge or information to admit or deny the allegations.

5. In answer to paragraphs 11-12, Defendants deny the allegations.

6. In answer to paragraphs 13-16, Defendants are without sufficient knowledge or information to admit or deny the allegations.

## II. Defenses and Affirmative Defenses.

7. Sheriff Gonzalez and Ortega assert they are cloaked by qualified immunity and official immunity and thus, immune from suit.

8. Sheriff Gonzalez and Ortega state that Plaintiff fails to state a claim for relief under 42 U.S.C. §1988 because (a) their actions on the dates in question were done within the scope of their discretionary authority and done in the course of official responsibilities; (b) their actions were objectively reasonable; and (c) their actions

did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known. Gonzalez further asserts that he did not have direct participation with Plaintiff and thus cannot be personally liable to Plaintiff.

9. Defendants further state that Plaintiff's Complaint [Doc. #30] fails to state an actionable claim against them upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

10. At the time of the incident and subsequently, Ortega was a Texas licensed jailer employed by Harris County and entitled to qualified immunity from suit and from damages in this lawsuit because he acted without malice, without an intent to deprive Mr. Thompson of any clearly established rights, with a reasonable good faith belief that Ortega's actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a licensed jailer; and he did not violate clearly established law of which a reasonable jailer would have known.

11. Defendants assert that at all times they acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and are entitled to official immunity for any state law claims.

12. Defendants further assert that they cannot be liable to Plaintiff regarding any state law claims, because they were acting within the course and scope of their public duty in the performance of government functions and when an employee acts in such

capacity, that employee's liability can be no greater than that of the governmental entity.

13. Defendants further assert the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

14. Plaintiff failed to exhaust his administrative remedies.

15. To the extent, Plaintiff sues Sheriff Gonzalez is his official capacity only, the following defenses are asserted:

16. Plaintiff's' Complaint has failed to state an actionable claim against Harris Cunty, upon which relief may be granted, under the U.S. Constitution, 42 U.S.C. §1983 and Texas state law.

17. Harris County states that on the occasion in question and at all relevant times, no official policy, practice or custom of the County was the actual or proximate cause of the Plaintiff's alleged injuries.

18. Harris County states that the acts complained of by Plaintiff were not proximately caused by any constitutionally defective policy, practice or custom of the County.

19. Harris County states that on the occasion in question and at all relevant times, no official policy, practice or custom of the County was the moving force behind the alleged deprivation of Plaintiff's rights.

20. Harris County denies that it was deliberately indifferent in any manner and denies any violation of Plaintiff's constitutional rights.

21. Harris County states that no deprivation of Plaintiff's rights as guaranteed by constitutional and/or statutory provisions occurred as a result of a policy, practice or custom of the County.

22. Harris County states that it properly supervises its employees in accordance with the department's rules, regulations, procedures, general orders and within County procedures.

23. Harris County states that on the occasions in question, no official Harris County policy or wide-spread, persistent custom having the force of official policy, was the moving force behind and the actual cause of Plaintiff's alleged injuries. Harris County further states that its final policy-maker was not deliberately indifferent to any circumstances that created a known risk of deprivation of the constitutional rights as alleged in Plaintiff's Amended Complaint [doc. #30].

24. Harris County states that Mr. Thompson's own misconduct and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

### III. Jury Demand

25. Defendants request trial by jury.

26. Defendants reserve the right to amend or supplement their Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Sheriff Ed Gonzalez and Christopher Ortega pray that Plaintiff take nothing by his suit, that they recover their costs and all other relief they may be entitled to in law and equity.

Date: November 22, 2023.

               Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

         By: */s/ James C. Butt*
            JAMES C. BUTT
            Sr. Assistant County Attorney
            ATTORNEY-IN-CHARGE
            State Bar No. 24040354
            Fed. Bar No. 725423
            Phone: (713) 274-5133 (direct)
            james.butt@harriscountytx.gov

            VERONICA L. JONES
            Assistant County Attorney
            ATTORNEY TO BE NOTICED
            State Bar No. 24097902
            Federal ID No. 3639763
            Tel: (713) 274-5181 (direct)
            Veronica.Jones@harriscountytx.gov

            Harris County Attorney's Office
            1019 Congress
            Houston, Texas 77002

            **Attorneys for Defendants**

# **CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Pro Se Plaintiff
Via CMRRR and regular mail
Roy Thompson
SPN 01988773
701 N. San Jacinto
Houston, Texas 77002

/s/ *James C. Butt*
James C. Butt