IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY THOMPSON, § | | |
| SPN #01988773, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | CIVIL ACTION NO. 4:22-CV-03451 | |
| v. § | | |
| § | | |
| C. ORTEGA, et al., § | | |
| § | | |
| *Defendants.* § | | |

## DEFENDANT CHRISTOPHER ORTEGA'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND MORE DEFINITE STATEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Christopher Ortega ("Defendant") files this his amended answer, defenses, and affirmative defenses to Plaintiff's First Amended Complaint ("Complaint") and More Definite Statement, pursuant to Rule 15(a) Fed. R. Civ. P. Counsel files this corrected and amended answer as Sheriff Ed Gonzalez was not a named defendant and thus no answer was required from him. In support of said amended answer, defenses, and affirmative defenses, Defendant would respectfully show this Court as follows:

### I. Answer

1.  With respect to the Amended Complaint [Doc. #30], Defendant denies that Christopher Ortega assaulted Plaintiff and further denies that Harris County has a policy or custom of allowing excessive force and failing to train its detention officers.

2.  With respect to the More Definite Statement [Doc. #29], Defendant denies that Plaintiff has alleged a viable complaint and specifically denies Christopher Ortega assaulted Plaintiff as alleged in paragraphs 1-3.

3.  In answer to paragraphs 4-9, Defendant denies the allegations.

4.  In answer to paragraph 10, Defendant is without sufficient knowledge or information to admit or deny the allegations.

5.  In answer to paragraphs 11-12, Defendant denies the allegations.

6.  In answer to paragraphs 13-16, Defendant is without sufficient knowledge or information to admit or deny the allegations.

## II. Defenses and Affirmative Defenses.

7.  Ortega asserts he is cloaked by qualified immunity and official immunity and thus, immune from suit.

8.  Ortega states that Plaintiff fails to state a claim for relief under 42 U.S.C. §1988 because (a) his actions on the dates in question were done within the scope of his discretionary authority and done in the course of official responsibilities; (b) his actions were objectively reasonable; and (c) his actions did not violate clearly

established constitutional or statutory rights of which a reasonable officer would have known.

9. Defendant further states that Plaintiff's Complaint [Doc. #30] fails to state an actionable claim against him upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

10. At the time of the incident and subsequently, Ortega was a Texas licensed jailer employed by Harris County and entitled to qualified immunity from suit and from damages in this lawsuit because he acted without malice, without an intent to deprive Mr. Thompson of any clearly established rights, with a reasonable good faith belief that Ortega's actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a licensed jailer; and he did not violate clearly established law of which a reasonable jailer would have known.

11. Defendant asserts that at all times he acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and is entitled to official immunity for any state law claims.

12. Defendant further asserts that he cannot be liable to Plaintiff regarding any state law claims, because he was acting within the course and scope of his public duty in the performance of government functions and when an employee acts in such capacity, that employee's liability can be no greater than that of the governmental entity.

13. Defendant further asserts the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

14. Plaintiff failed to exhaust his administrative remedies.

### III. Jury Demand

15. Defendant requests trial by jury.

16. Defendant reserves the right to amend or supplement their Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Christopher Ortega prays that Plaintiff take nothing by his suit, that Ortega recover his costs and all other relief he may be entitled to in law and equity.

Date: December 1, 2023.

    Respectfully submitted,

    Respectfully submitted,

    **CHRISTIAN D. MENEFEE**
    HARRIS COUNTY ATTORNEY

    **JONATHAN G. C. FOMBONNE**
    DEPUTY COUNTY ATTORNEY AND FIRST
    ASSISTANT

    **NATALIE G. DELUCA**
    MANAGING COUNSEL,
    DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
    ESTATE DIVISIONS

By: */s/ James C. Butt*
    **JAMES C. BUTT**
    Sr. Assistant County Attorney
    ATTORNEY-IN-CHARGE
    State Bar No. 24040354

Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT ORTEGA**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Pro Se Plaintiff
Via CMRRR and regular mail
Roy Thompson #23-5573
805 N. Avenue F
Post, Texas 79356

                                              */s/ James C. Butt*
                                              James C. Butt