IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROY THOMPSON, §<br>SPN #01988773, §<br> §<br> *Plaintiff*, §<br> §<br> §<br>v. §<br> §<br>C. ORTEGA, et al., §<br> §<br> *Defendants*. § | <br><br><br><br><br>CIVIL ACTION NO. 4:22-CV-03451 |

## DEFENDANT ED GONZALEZ'S MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Sheriff Ed Gonzalez ("Sheriff Gonzalez") file this his motion for judgment on the pleadings. In support of said motion, he would respectfully show the Court as follows:

**I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINZALEZ.G**

1. This civil rights lawsuit stems from an alleged assault by two former detention officers at the Harris County jail. [Doc. #1]. Thompson alleges he was punched in the jaw and sustained a fractured jaw.

2. This lawsuit was filed October 6, 2022. Plaintiff filed a first amended complaint October 2, 2023 [Doc. #30]. The Court entered an order for service of process on July 28, 2023 [Doc. #22]. Defendant Christopher Ortega timely filed his answer on November 22, 2023 [Doc. #37]. Defense counsel mistakenly included Sheriff Ed Gonzalez as a defendant in that answer.

**II.    STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW**

1

**A.       Statement of Issues to be ruled upon by the Court**

3.       The issue to be ruled upon by the Court is as follows:

   (a)       Whether to dismiss Sheriff Gonzalez?

**B.       Summary of Argument**

4.       Defense counsel mistakenly answered for Sheriff Ed Gonzalez in the answer filed for Christopher Ortega, and subsequently corrected that error by filing an amended answer solely for Defendant Christopher Ortega. Plaintiff has not identified Sheriff Gonzalez as a defendant, and the Court did not authorize service of process upon Sheriff Gonzalez.

**C.       Standard of Review**

5.       Rule 12(c) allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. Ann. 12(c). After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings under Rule 12(c). *Id.* A motion brought pursuant to 12(c) of the Federal Rule of Civil Procedure is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (citing *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010)).

6.       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6)

must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

8. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of

the cause of action in order to make out a valid claim").

9.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.   ARGUMENT AND AUTHORITIES

**A.   Plaintiff Alleges No Claims Against Sheriff Gonzalez.**

10.  Thompson here, has not alleged any facts to support a claim against Sheriff Gonzalez. Consistent with this absence of supporting pleading, The Court did not authorize service of summons in this case upon Sheriff Gonzalez. Furthermore, any possible claims against the Sheriff fail because Plaintiff does not allege facts that show Sheriff Gonzalez had personal involvement in any unconstitutional conduct at issue in this case. "Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, through the <u>official's own individual actions,</u> has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (emphasis added). In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13 (5th Cir.

1990) (plaintiff invoking §1983 must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense as complaints containing conclusory allegations, absent reference to material facts will not survive a motion to dismiss). A supervisory official, like Sheriff Gonzalez, may only be held liable when he "affirmatively participates in acts which cause a constitutional deprivation, or implements an unconstitutional policy that causally result in the plaintiff's injuries." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 660 (S.D. Tex. Sept 7, 2000) (citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

11. Here, Plaintiff's More Definite Statement and Amended Complaint are barren of any factual allegations that plausibly show personal involvement of Sheriff Gonzalez in any constitutional deprivation alleged in this lawsuit. Because there are no pleading allegations which evidence that the Sheriff personally participated in any unconstitutional conduct, claims against Sheriff Gonzalez should be dismissed as a matter of law. *See Thompson*, 901 F.2d at 469 n.13.

12. As a result, any and all claims against Sheriff Gonzalez should be dismissed as a matter of law.

**Conclusion**

13. Thompson makes no claims against Sheriff Gonzalez. Accordingly, Sheriff Gonzalez is entitled to dismissal of all possible claims against him as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant SHERIFF ED GONZALEZ requests that this Court grant this motion for judgment on the pleadings and grant all other relief to which this defendant is entitled.

Date: December 1, 2023.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

        **JONATHAN G. C. FOMBONNE**
        DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

        **NATALIE G. DELUCA**
        MANAGING COUNSEL,
        DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:   */s/ James C. Butt*
        **JAMES C. BUTT**
        Sr. Assistant County Attorney
        ATTORNEY-IN-CHARGE
        State Bar No. 24040354
        Fed. Bar No. 725423
        Phone:  (713) 274-5133 (direct)
        james.butt@harriscountytx.gov

        **VERONICA L. JONES**
        Assistant County Attorney
        ATTORNEY TO BE NOTICED
        State Bar No. 24097902
        Federal ID No. 3639763
        Tel: (713) 274-5181 (direct)
        Veronica.Jones@harriscountytx.gov

        OFFICE OF THE HARRIS COUNTY ATTORNEY
        1019 Congress
        Houston, Texas 77002

        **ATTORNEYS FOR DEFENDANT ORTEGA**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Pro Se Plaintiff
Via CMRRR and regular mail
Roy Thompson #23-5573
805 N. Avenue F
Post, Texas 79356

                                              */s/ James C. Butt*
                                              James C. Butt


**CERTIFICATE OF CONFERENCE**

I certify I could not confer with Plaintiff as he is incarcerated at the Giles W. Dalby Correctional Facility, 805 N. Ave. F, Post, Texas 79356. Thus, it is assumed he opposes the relief sought.

                                              */s/ James C. Butt*
                                              James C. Butt


**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was served upon the following litigant.

Roy Thompson #23 5573
805 N. Ave F
Post, Texas 79356

                                              */s/ James C. Butt*
                                              James C. Butt

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROY THOMPSON, <br> SPN #01988773, <br><br> *Plaintiff,* <br><br> v. <br><br> C. ORTEGA, et al., <br><br> *Defendants.* | §§§§§§§§§§§  CIVIL ACTION NO. 4:22-CV-03451 |

### ORDER

The Motion for Judgment on the Pleadings having been filed by Sheriff Ed Gonzalez, the Court grants the motion  All claims against Sheriff Ed Gonzalez are dismissed with prejudice.

SO ORDERED.

Signed on _____, at Houston, Texas.


_____
United States District Judge