**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROY THOMPSON,** | **§** | |
| **SPN #01988773,** | **§** | |
| | **§** | |
| ***Plaintiff,*** | **§** | |
| | **§** | **CIVIL ACTION NO. 4:22-CV-03451** |
| **v.** | **§** | |
| | **§** | |
| **C. ORTEGA, et al.,** | **§** | |
| | **§** | |
| ***Defendants.*** | **§** | |

# DEFENDANT CHRISTOPHER ORTEGA'S MOTION TO STAY PROCEEDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Christopher Ortega files this his motion to stay all proceedings  In support of said motion, he would respectfully show the Court as follows:

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINZALEZ.G

1. This civil rights lawsuit stems from an alleged assault by two former detention officers at the Harris County jail. [Doc. #1]. Thompson alleges he was punched in the jaw and sustained a fractured jaw.

2. This lawsuit was filed October 6, 2022. Plaintiff filed a first amended complaint October 2, 2023 [Doc. #30]. The Court entered an order for service of process on July 28, 2023 [Doc. #22]. Defendant Christopher Ortega ("Ortega") was served and timely filed his answer on November 22, 2023 [Doc. #37].

## II. STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

**A. Statement of Issues to be ruled upon by the Court**

3. The issue to be ruled upon by the Court is as follows:

(a) Whether to stay these proceedings pending review by the Harris County District Attorney's Office?

**B. Summary of Argument**

4. Ortega respectfully submit that this Court should stay all proceedings in this case during the pendency of the District Attorney investigation arising from the incident. This Court has wide discretion to control its docket, and Plaintiff will not suffer substantial and irreparable prejudice if this Court grants a brief stay.

**C. Argument**

5. On January 10, 2024, defense counsel inquired with the Harris County Sheriff's Department of Internal Affairs whether its investigation of this incident was closed. Internal Affairs advised it remained open, pending review by the Harris County District Attorney's Office for possible criminal charges.

6. Because the Harris County District Attorney review is pending a discovery stay is warranted. *See United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1990) (holding that the decision to stay pending litigation is within the trial court's wide discretion to control the course of litigation). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice". *Little Al*, 712 F.2d 136. Various courts have outlined several factors to be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of plaintiffs in proceedings expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burdens on the

defendants; (5) the interests of the courts; (6) the public interest. *See Alcala v. Tex. Webb Cty*, 625 F.Supp.2d 391, 398-99 (S.D. Tex. 2009) (citing cases).

7. The similarity of issues in the parallel civil and criminal actions "is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. The Hartford Financial Services Grp., Inc.*, 530 F.Supp.2d 902, 906-07 (S.D. Tex. 2008). In this case the civil case and criminal investigation involve the same nucleus of facts, i.e., the events leading up to and surrounding the alleged assault upon Mr. Thompson.

8. With respect to the second factor, the status of the criminal case, although no indictment has been returned in the Harris County District Attorney criminal investigation, at this stage, the interest of justice supports a stay to protect the integrity of the nascent criminal investigation.

> The very fact that there is clear distinction between the civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

9. Indeed, the unimpeded resolution of the criminal investigation will serve both the interests of the public and the parties.

10. With respect to the third factor, the interests of plaintiff in proceeding expeditiously weighed against prejudice caused by a delay, the fact that Mr. Thompson continues to be incarcerated supports a stay.

11. With respect to the fourth factor, the private interests and burdens of the defendant, the defendant will suffer no prejudice by a stay in this case. A stay will preserve an individual defendant's rights against self-incrimination and preserve the integrity of the criminal

investigation and any subsequent prosecution.

12. The fifth factor, the interest of the courts, and the sixth factor, the public interest, support a stay so that the criminal case may proceed with priority.

> There is a clearcut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. but these distinctions do not mean that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought. The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d at 487.

13. Requiring the parties to proceed with pretrial motions would substantially and irreparably prejudice the ongoing investigations, particularly the Harris County District Attorney's investigation, because it would allow the parties to gain advance notice of witnesses' testimony and an opportunity to shape their testimony accordingly. Ortega respectfully submits that a brief stay will benefit the parties, the public and the orderly administration of the Courts.

**Conclusion**

14. For the reasons stated herein, the Defendant Christopher Ortega requests that this Court, after weighing the interests of the parties, this Court, and the public, grant a stay of proceedings as necessary in the interest of justice in order to avoid substantial and irreparable prejudice in the criminal investigation and possible subsequent prosecution in the alleged assault of Roy Thompson.

WHEREFORE, PREMISES CONSIDERED, Defendant Christopher Ortega requests that this Court stay all proceedings in the instant suit until after the conclusion of the Harris County District Attorney's criminal investigation of the alleged assault.

**Date: January 10, 2024**

Respectfully submitted,


**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By: *<u>/s/ James C. Butt</u>*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT ORTEGA**

## CERTIFICATE OF CONFERENCE

I certify I could not confer with Plaintiff as he is incarcerated at the Middleton Unit, 13055 FM 3522 Abilene, Texas 79601. Thus, it is assumed he opposes the relief sought.

*/s/ James C. Butt*
James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was served upon the following litigant.

Roy Thompson #2442552
13055 FM 3522
Abilene, Texas 79601

*/s/ James C. Butt*
James C. Butt